# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,            :        Case No. 3:06-cr-045
                                                  Also 3:07-cv-374

                                              District Judge Walter Herbert Rice
      -vs-                              Chief Magistrate Judge Michael R. Merz
                                    :

GERARDO BRISENO-FRAGOSO,

                Defendant.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 83). On the Court's Order, the Government has filed an Answer (Doc. No. 87), later amended (Doc. No. 92) and Defendant has filed a Reply in support (Doc. No. 93).

Defendant was indicted with two others in a three-count Indictment filed March 14, 2006. He was charged with conspiracy to possess with the intent of distributing in excess of five kilograms of cocaine, actual possession of cocaine in excess of five kilograms with the intent to distribute it, and a forfeiture count (Doc. No. 16). On July 10, 2006, he pled guilty to the conspiracy count pursuant to a Plea Agreement with the United States (Doc. Nos. 37, 39). On October 11, 2006, he was sentenced to ninety-six months confinement. He took no appeal, but filed the instant Motion about a year later on October 3, 2007.

Defendant pleads the following Grounds for Relief:

> **Ground One:** Petitioner asserts that defense counsel was constitutionally ineffective for his failure to argue that Mr. Briseno-Fragoso was entitled to be sentenced pursuant to U.S.S.G. § 2D1.1(a)(3) as a minor participant. Petitioner's counsel failed to

argue for such adjustment in Petitioner's sentencing. Petitioner asserts he was a minor participant who had no ownership intrests [sic] in the drugs, he gave no instruction but was meerly [sic] given orders that he was to receive and then would be instructed as to who would receive the shipment of drugs. Petitioner and 2 other co-defendants were arrested before he could make the delivery he was instructed he would be doing.

**Ground Two:** Petitioner asserts the defense counsel was constitutionally ineffective when counsel did not review the PSI at least (10) ten days prior to sentencing. Petitioner asserts counsel let Petitioner look at his PSI for about 10 minutes if [sic] most on his sentencing date and did not explain to Petitioner regarding what the PSI was or what reductions he was getting during sentencing or if he had filed any other issues. Petitioner was clueless about everything pertaining to any adjustments and reductions. He had to write his probation officer to request information of what was his offense level.

(Motion, Doc. No. 83, at 4-5.)

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court

> must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Counsel's tactical decisions are particularly difficult to attack. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). Indeed, strategic choices by defense counsel are "virtually unchallengeable." *Buell v. Mitchell,* 274 F. 3rd at 337, 359 (6th Cir. 2001), quoting *Meeks v. Bergen*, 749 F. 2nd 322, 328 (6th Cir. 1984).

As to the prejudice prong, the test is whether counsel's errors have likely undermined the reliability of, or confidence in, the result. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996), citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). "Counsel is constitutionally ineffective only if [his or her] performance below professional standards caused the defendant to lose what he otherwise probably would have won." *United States v. Morrow,* 977 F.2d 222 (6th Cir. 1992). Defects in assistance that have no probable effect on the trial's outcome do not establish a constitutional violation. *Mickens v. Taylor,* 535 U.S. 162, 166 (2002). To show prejudice the new evidence that a habeas petitioner presents must differ in a substantial way – in strength and subject matter – from the evidence actually presented at sentencing. *Hill v. Mitchell*, 400 F.3d 308 (6th Cir. 2005)(contains long analysis of cases finding no prejudice).

## First Ground for Relief

In his first Ground for Relief, Defendant argues his counsel was ineffective for not arguing that he was entitled to a role adjustment for being a minor participant in this offense.

As the Government's Amended Answer makes clear, defense counsel was aware that a criminal defendant can receive an adjustment of the offense level for being a minor participant in the crime as he noted that possibility when participating in the plea colloquy. It is also true, as Petitioner asserts, that defense counsel did not argue that he Defendant was entitled to such an adjustment at the time of sentencing. However, failure to make the argument is deficient performance only if there was some reasonable basis on which to make the argument. Defendant seems to argue in his Reply that his lawyer should have at least put the claim in front of Judge Rice and let the judge decide.

Good lawyers, however, know better than to make arguments which have no chance of success. It is not ineffective assistance of counsel to fail to make an argument which really has no chance of going anywhere. See *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52).

The argument that Defendant was entitled to a formal adjustment to the guideline range based on being a minor participant would not have been successful because Defendant did not legally qualify for that adjustment. A defendant must be "substantially less culpable than the average participant" to qualify for a minor role (two-level reduction). U.S.S.G. § 3B1.2, Application Note 3(A); *United States v. Lloyd*, 10 F.3d 1197 (6th Cir. 1993); *United States v. Moss,* 9 F.3d 543 (6th Cir. 1993); *United States v. Nagi*, 947 F.3d 211 (6th Cir. 1991); *United States v. Saucedo*, 226

F.3d 782 (6th Cir. 2000).

The United States emphasizes the following facts which show that Defendant was not entitled to a role adjustment as a minor participant:

> As reflected by the Statement of Facts attached to the Plea Agreement (®. 40: petitioner's Plea Agreement), facts which petitioner not only agreed but swore under oath were true, petitioner played an active and primary role in the offense. For instance, while petitioner, his mother, Maria Angelica Fragoso-Gonzalez, and an unrelated co-defendant, Michael David Flowers, all drove from Columbus to the Dayton area to pick up the cocaine, petitioner and Flowers were the ones who actually approached the truck delivering the 110 KG load of cocaine. Petitioner was the one who then gave the undercover officers posing as truck drivers the $50,000 in cash, and petitioner was the one who assisted the undercover officers take the two boxes of cocaine and place them in the co-defendant's trunk. As reflected in the Statement of Facts attached to Flowers' Plea Agreement, Flowers' role was to assist petitioner and his mother in picking up what Flowers believed at the time was going to be a relatively small amount of cocaine. (®. 36: Flowers' Plea Agreement.) While petitioner may have qualified for the safety valve, in that he was not an organizer, leader, or supervisor of others in the offense, that does not translate to having a minor role. Indeed, the only person the Court found to have had a minor role among the three defendants was Flowers, and the United States would have opposed any effort on petitioner's part to obtain a minor role reduction, pointing not only to the agreed to Statement of Facts, but to additional pieces of evidence, including, surveillance video of the transaction, which showed that petitioner was the one who communicated with the undercover officers and confirmed petitioner's active role. The United States would have also pointed to additional evidence that petitioner took part in the planning for the transaction, including recruiting Flowers to assist.

(Amended Answer, Doc. No. 92, at 17-18.) These facts show conclusively that Defendant was not entitled to a role adjustment for being a minor participant.

Even if it had been deficient performance for Mr. Hill to fail to argue for a minor participant role adjustment, Defendant would still have to show he was somehow prejudiced by that failure. That he cannot do because he received a sentence two years less than the mandatory minimum sentence established by Congress for the amount of cocaine with which he was involved and twelve

months below the bottom of the sentencing range calculated under the advisory Guidelines, all based on his attorney's argument for discretionary leniency rather than a formal role adjustment. Indeed, Congress established a mandatory minimum sentence of ten years confinement for trafficking in five kilograms of cocaine and Defendant had possession of twenty-two times that much.

Defendant seems to believe that if he is successful on this § 2255 Motion, his current sentence will be reduced to what it would have been if he had received the minor role adjustment, but that is not correct. At most he would have his sentence vacated and an opportunity to re-argue the minor participant adjustment. But if the sentence is vacated and reimposed, the Government would have the right to argue that point as well, noting the evidence above, and would also have the right to appeal any sentence below the statutory mandatory minimum.

## Second Ground for Relief

Defendant's second Ground for Relief is also based on a claim of ineffective assistance of counsel, in this case, inadequate consultation over the Presentence Investigation Report before the sentencing hearing. The *Strickland* standard also applies here.

While ten minutes of consultation over a PSI Report is short, there is no standard length of time prescribed by professional standards for such a consultation. In order to show deficient performance, Defendant would have to show some material fact or claim which was omitted because of the short consultation. This he has not done. Indeed, the only omission he claims is the one dealt with under his first Ground for Relief. Since it was neither deficient performance nor prejudicial to fail to argue that claim, the second Ground for Relief is also without merit.

**Conclusion**

Defendant has not established that he received ineffective assistance of counsel. His Motion under 28 U.S.C. § 2255 should therefore be denied with prejudice. Because reasonable jurists would not disagree with this result, he should also be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 21, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).